### Neel v. Gibson, et al.

(Decided January 19, 1926.)

Appeal from Butler Circuit Court.

1. Reformation of Instruments—Cannot be Granted Except on Clear and Convincing Proof.—Reformation of deed cannot be granted except on clear and convincing proof.

2. Reformation of Instruments—Reformation of Deed to Include Both of Two Tracts Inclosed by Fence Held Not Warranted by Evidence.—Evidence held so conflicting and its effect so doubtful that chancellor properly refused reformation of deed to include both of two contiguous tracts inclosed by fence.

G. V. WILLIS for appellant.

A. J. BRATCHER and E. N. MAYHUGH for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In this suit for reformation of a deed, judgment was rendered for defendant, and plaintiff appeals. Appellee, a resident of New Mexico, but formerly a resident of Butler county, Kentucky, owned two small tracts of land in the latter county, consisting of a trifle in excess of 21 and of 14 acres respectively. The two tracts were contiguous and enclosed by a fence around their outer boundaries.

For many years, one Elvis Taylor acted as agent for appellee in caring for this land, but died two or three years before the transaction mentioned herein.

In the fall of 1919, Ben H. Moore, claiming to act as agent for Gibson, negotiated a sale of the land to appellant. He carried appellant out, showed him the land, and they, together with neighbors who pointed out the corners, went around the outside boundaries which included all of both tracts, and Moore made a price of $300.00 which appellant agreed to pay. Moore had the county clerk to look up the title and draw a deed. In so doing, the clerk found a deed recorded for the 21 acres. Neither of these parties knew that there were two tracts, or knew the number of acres within the boundaries, and the deed so drawn embraced only the 21 acre tract and recited that it contained 21 acres, more or less. This was dated October 1, 1919. Moore enclosed this deed with the following letter:

"Morgantown, Ky.,
November 18, 1919.

"Dr. H. R. Gibson, Clovis, N. Mex.

"Dear Sir: Mr. C. H. Neel will give you $300.00 for your tract of land. I had the deed copied and will enclose it to you. If you want to let him have it, you have it signed and sent to the Morgantown Dep. Bank. He will send you check for $300.00. We

are all well and getting along fine. I am going to make a trip down south in a short time looking after some tie timber. It is about all gone in this county. I was in the south last summer and didn't make any deals; but let me hear from you so Neel will know about the land. Yours truly, Ben H. Moore."

On December 8, appellee wrote Moore as follows:

"Clovis, New Mexico, December 8, 1919.

"Mr. Ben H. Moore, Morgantown, Ky.

"Dear Sir. Your letter to hand; contents carefully read. In reply will say Mr. Chas. Pitcher has been paying taxes for the use of the place. I suppose Elvis dying it had been neglected this year. You see Pitcher, as I am sure he has pastured it this year and will pay taxes on same. As to 1920 taxes it seems to me that Mr. Neel will fall heir to them as he will have possession of the place. Should Pitcher fail to pay this year's taxes I will pay them.

"I enclose you check for $16.00, your commission, and one dollar for writing deed. I notice they have 60 acres listed. It has sure growed since I left Kentucky. I reckon Neel will start him a coal mine. Coal is getting to be an item in this country. Doolin writes me there is some oil excitement in Butler. Neel may have an oil field. That land should be good for something. Any old land is worth $15.00 per acre; he didn't pay quite that much as there is little more than 20 acres. I am sending my old deed so as to get it out of the way. You can hand it to Neel. Yours truly, H. R. Gibson."

The deed was returned in escrow to a local bank. Neel called there, gave his check for the $300.00 and accepted the deed which he carried and lodged for record on the 3rd of December; apparently this took place prior to the date of the letter of December 8. On the 5th day of December Neel sold a one-half interest in the land to Moore. Later, Gibson listed the 14 acre tract for taxation and still later conveyed it to Charles Pitcher for a consideration of $200.00. Moore wrote him about this, claiming the entire boundary, and Gibson answered relying on the deed as written, and Neel sued to have the deed reformed to embrace both tracts, the controverted question being Moore's status.

As showing his agency Moore testified that prior to the date of above letters, Gibson wrote him, authorizing him to sell his land to Neel for $300.00, without specifying that there were two tracts, and he had, in good faith, sold both as one boundary without reference to the number of acres. Appellant testifies that he would not have purchased the single tract for that amount; that while he was satisfied there were more than 21 acres in the boundary shown him, that he bought it as an entirety, and would not have given the price paid for the single boundary conveyed him.

On the other hand, Gibson testified that he at no time constituted Moore as his agent. The transaction was begun by a letter from Moore, telling him that Neel wished to purchase the land and asking him his price on it; that he responded, saying lands had advanced in value, and he didn't know what it was worth, but to get a proposition from Neel. The next communication he had was the letter enclosing the deed, with the statement that Neel would pay $300.00 for it, and as the land was in separate and distinct tracts, he supposed the parties understood about it, and accepted the proposition as made. He had nothing to do with the negotiation or preparation of the deed. He further states that in his community anyone who negotiates a land deal is paid a commission, and that he voluntarily sent Neel the $16.00 referred to in his letter and referred to him as his agent in the same way. All of the correspondence antedating Moore's letter of November 18 has been lost, and the contents of the letters proven by parol, this raising a question of veracity between Moore and Gibson.

Other testimony relates to the value of the lands, one witness stating that he had offered $500.00 for the two tracts, while a witness for appellant states that a few years since, he contracted for the entire boundary for $150.00 and afterwards surrendered it. This is denied by Gibson, who states that he did offer it before the advance in real estate at the price of $300.00. If he is to be believed, Moore was not his agent, and he only accepted a proposition to sell the land described in the deed. On the other hand, it seems that Neel was intending to purchase the entire boundary, and thought he did so. He is fully corroborated by Moore, but it appears that Moore purchased from him an interest in the land immediately upon the receipt of his deed, and is now a

party in interest. Perhaps this was a *bona fide* purchase, though we are unable to say whether his testimony is biased, but a reformation can not be granted, except upon clear and convincing proof, and it must be admitted that here the evidence is conflicting, and the mind left in doubt as to its effect. It follows that the chancellor properly refused a reformation of the deed. Therefore, the judgment is affirmed.