## Williams, et al. v. Scott.

(Decided November 23, 1926.)

### Appeal from Kenton Circuit Court.

1. Reformation of Instruments—To Reform Written Instrument for Fraud or Mistake, Evidence Must be Clear and Convincing.— To reform a written instrument for fraud or mistake, evidence must be clear and convincing, or such as to establish the fraud or mistake beyond reasonable controversy.

2. Trusts.—To establish a resulting trust by parol, evidence must be clear and convincing.

3. Trusts.—Parol evidence to establish a resulting trust between husband and wife should be received with great caution.

4. Trusts—That Contract for Joint Purchase of Home for Husband and Wife was Read in Presence of Wife Held Not Any Notice to Her as to How Title was to be Finally Conveyed.—Where written contract for joint purchase of home for husband and wife was between vendor and husband alone, and purpose of contract was merely to secure a binding sale, that contract was read in presence of wife held not any notice to her as to how title was to be finally conveyed.

5. Trusts—Wife, in View of Husband's Remark, Might Assume that Title to Home Purchased for Them would be Taken with "Survivorship Clause."—Where husband remarked in presence of wife that he wanted to procure other property with title containing

"survivorship clause," as other property had been previously purchased by them, she might assume that title would be taken in that way.

6. Trusts—Statute Abrogates General Rule as to Creation of Resulting Trust in Purchase of Property by One Person, where Consideration is Paid by Another (Kentucky Statutes, Section 2353.— Kentucky Statutes, section 2353. abrogates general rule that, where property is purchased by one person and consideration paid by another, a trust is presumed to result for person by, or for whom, payment is made.

7. Trusts.—Evidence held sufficiently clear and convincing to establish resulting trust in property purchased by husband and wife in favor of wife on husband's death, title to which was taken without "survivorship clause" as agreed.

8. Reformation of Instruments.—Evidence held sufficently clear and convincing to authorize reformation of deed to husband and wife to include a "survivorship clause" as agreed.

A. E. STRICKLETT for appellant.

B. S. GRANNIS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

By his first wife C. R. Scott had two daughters, Minerva R. Williams and Elizabeth Sanderson. Several years after her death he married Lida Graham, a widow, who also had children by a former marriage. Soon after his second marriage he and his wife moved from Fleming county to Covington. At that time he was worth about $30,000.00. On January 29, 1921, they purchased a house and lot on Garrard street, which was conveyed to them jointly. The purchase price was $5,500.00, of which Mrs. Scott paid $1,500.00. Shortly thereafter this property was sold, and on March 3, 1922, a home on Greenup street was purchased with the proceeds. On being asked by the real estate agent who made the sale how the deed should be drawn, Scott stated that he wanted the deed to himself and wife jointly. The agent then explained the "survivorship clause," and Scott said that was what he wanted. Thereupon the deed was drawn conveying the title to Scott and his wife "for their joint lives with the remainder in fee to the survivor, his or her heirs," etc. On a sale of the Greenup street home the proceeds were invested in a home on Southern avenue, which on May 3, 1923, was conveyed to Scott and his wife "jointly during their natural lives with remainder in fee simple to the survivor, his or her heirs and assigns forever." This property was sold early in December, 1923, and the

proceeds were invested in a home on Holman avenue, which was conveyed to Scott and wife jointly without any survivorship clause on February 6, 1924. At that time some of Scott's investments had turned out unprofitably and his estate was not as large as it had been. Just before the purchase of the latter property Mr. Bell, a real estate agent, and a friend of Mr. Scott, took Mr. and Mrs. Scott out on two occasions to look at other property. He showed them a $15,000.00 home. Mr. Scott stated that he did not feel like putting more than $9,500.00 in his home, as it would not leave his property in proper shape "relative to his children and Mrs. Scott." Scott also stated in the presence of his wife that if they purchased a home he wanted the deed made with the "survivorship clause." However, when he purchased the Holman street property he told the real estate agent who made the sale that he wanted the title taken to himself and wife jointly without the "survivorship clause." Notwithstanding this fact the deed was prepared with the "survivorship clause," but after Mrs. Scott left the "survivorship clause" was erased at the direction of Mr. Scott before the deed was signed and acknowledged. The deed was then placed of record, and the original, which was retained by the agent, was in his possession at the time of Mr. Scott's death, which occurred three months later.

On ascertaining shortly after Mr. Scott's death that the deed did not contain a "survivorship clause" Mrs. Scott brought this action to have the deed reformed. The grounds of reformation were: (1) She signed the deed to the Southern avenue property and turned the proceeds over to her husband with the distinct understanding and agreement that it was to be reinvested in the Holman avenue property, with a similar title, and that his changing the title was a violation of the agreement. (2) The fund arising from the Southern avenue property was a constructive trust, and her husband's investment of same under a plain joint deed without the "survivorship clause" was a violation of the trust and a fraud upon her rights. On final hearing the reformation was decreed, and Minerva Williams and Elizabeth Sanderson appeal.

Appellants insist that the evidence does not meet the requirement of the rule that to reform a written instrument on the ground of fraud or mistake the evidence must be clear and convincing, or such as to establish the fraud

or mistake beyond reasonable controversy, Johnson v. Elkhorn Gas & Coal Mining Co., 193 Ky. 585, 236 S. W. 1041, or the requirement of the rule that to establish a resulting trust by parol the evidence must be clear and convincing, and if wholly by parol it should be received with great caution, especially to raise a trust between husband and wife. Deaver-Kennedy Company v. Cooper, 189 Ky. 366, 224 S. W. 1053. In support of this position it is pointed out that there was no evidence of any agreement between Mrs. Scott and her husband that the proceeds of the Southern avenue property were to be invested in other property with like title, and that the contract of sale for the Holman street property, which was read in the presence of Mrs. Scott, recited that the vendor had bargained and sold the property to Charles R. Scott, thus apprising Mrs. Scott that the title was to be made to her husband and not to them jointly with a "survivorship clause." It is not claimed that when the first home in Covington was purchased C. R. Scott was of unsound mind or was the victim of fraud or undue influence. At that time he had a considerable estate and he had a perfect right to give to his wife a greater interest in that home than was represented by the money which she invested therein. This gift was not revocable, and when made fixed the rights of the grantees in the property. When the second piece was purchased a "survivorship clause" was incorporated in the deed. When this was done each surrendered an absolute claim to one-half of the property in consideration of the possibility of surviving the other and acquiring the entire estate. The second home was then sold and a third home acquired with like title. While looking at other property in which to invest the proceeds of the third home Mr. Scott stated in the presence of his wife that the title was to be taken in the same way. It is true that the written contract for the fourth home was between the vendor and Mr. Scott alone, but as Mr. Scott was attending to the purchase for himself and wife, and the purpose of the contract was merely to secure a binding sale, we are not disposed to hold that the contract when read in the presence of Mrs. Scott was any notice as to how the title was to be finally conveyed. If that were true, then it might be argued with equal force that Mr. Scott could have had the entire title conveyed to him and Mrs. Scott would have had no right

to complain. The case is one where the parties were in the habit of selling each home for a profit whenever an opportunity offered, and investing the proceeds in a better home. Thus the proceeds of each sale were regarded and treated by them as a home fund to be reinvested in another home. After the purchase of the first home they adopted a course of dealing by which the proceeds of each sale were to be invested in a home with the "survivorship clause." Not only so, but after Mr. Scott remarked in her presence that he wanted to procure other property with like title she had the right to assume that the title would be taken in that way. There is nothing in the record to justify the inference that Mrs. Scott knew that the property was finally conveyed without the "survivorship clause." The uncontradicted evidence shows that after Mrs. Scott left the office of the real estate agent he, at the direction of Mr. Scott, erased the "survivorship clause" and the deed was then signed and acknowledged. The deed was then placed of record by the real estate agent and was in his possession until after Mr. Scott's death. It is true that the general rule prevailing in most jurisdictions that, where property is purchased by one person and the consideration paid by another, a trust is presumed to result in favor of the person by or for whom the payment is made, has been abrogated by section 2353, Kentucky Statutes, and that under the statute a trust results in but two cases: (1) Where the grantee takes a deed without the consent of the person paying the consideration: (2) where the grantee, in violation of some trust, purchases the deeded property with the effects of another. It is also true that the evidence falls short of showing an express agreement between the parties as to how the title to the Holman street property should be taken, but the uniform course of dealing between them, as manifested by the former deeds, their conduct and the circumstances under which the purchase was made, which facts are more persuasive than parol evidence, leaves no doubt that the parties regarded and treated the proceeds of the sale of the Southern avenue property as a trust fund that should be invested by the husband in another home with like title. We are therefore constrained to hold that the evidence was sufficiently clear and convincing not only to establish the trust and its violation, but to authorize a reformation of the deed.

Judgment affirmed.