## Sutton et al. v. Noe.

Feb. 27, 1942.

E. L. Morgan for appellants.

D. B. Smith for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This appeal is from a judgment reforming a deed on the ground of mutual mistake, in an action filed by appellee, Margie Noe, against appellants, Millard Sutton and Stella Sutton.

The deed was executed to appellants in 1929 by appellee and her brother, John D. Lewis. Appellee's brother later conveyed to her his undivided interest in the land adjoining and surrounding that which was con-

veyed to appellants, consequently appellee was the only party plaintiff. The description in the deed was as follows:

"Beginning at a stone in the south line of the L. & N. Railroad Company's right of way at the Muddy Branch; thence running west with said right of way 189 feet to a stone; thence running southwardly 300 feet to a stone near a small spring; thence same course continued 200 feet to a small elm; thence running southeastwardly with a fence, 205 feet to a stone; thence running eastwardly 171 feet to Muddy Branch; thence northwardly with Muddy Branch to the Beginning.

"It is agreed and understood between parties hereto that the spring that is located on the foregoing described property is to be left open for public use."

At a point on the railroad approximately 152 feet west of Muddy Branch, the beginning corner, is a railroad crossing and a road leading therefrom through the northwest corner of the property, as described, which serves as an exit from the land retained by appellee. From approximately the time the deed was executed a fence was maintained by appellants, beginning at a point on the railroad 152 feet west of the beginning point and running southwardly to the elm, the third call in the description. It appears that this fence was from eight to twelve feet west of the spring, so that the spring was located on the described property, as provided in the deed. Steps were constructed over this fence so that the public could use the spring. As long as the fence was in this position appellee could use the road to the railroad crossing. Approximately nine years after the execution of the deed a controversy arose between the parties relative to the livestock of appellants trespassing on appellee's land. Following this controversy appellants moved the fence further west. Appellee, seeing that her use of the road to the railroad crossing was threatened, filed this action.

The negotiations for the purchase and sale of the property were entirely between John D. Lewis and appellant, Millard Sutton. Those two went together and laid off the portion which was to be conveyed to appellants. In doing so they started at the beginning corner,

Muddy Branch, and measured down the railroad to a certain point. It is the contention of appellee that this is where the mistake occurred. Lewis testified that a mistake was made in the preparation of the deed in writing down the first call as 189 feet. He says that it was the intention of Sutton and himself only to measure to a point on the railroad such that the line running south from the railroad to the elm would run through the spring. He admits making the measurements and putting them down on paper at the time they were made and then having the deed prepared from these measurements. He informed the typist preparing the deed as to the description of the property. He insists, however, that a mistake was evidently made by the typist in putting down the first call because the western end of that call was located on the ground and was not intended or understood by him and Millard Sutton to extend to a point 189 feet from the beginning.

Lewis and others testified that within a year after the deed was executed appellants erected a fence running from the railroad to the elm, this fence beginning at a point 152 feet west of the beginning corner, and that this fence continued in the same place until the controversy arose nine years later. Several witnesses testified that Millard Sutton stated that the fence was the correct line of his property. Lewis says that it was the intention of Sutton and himself that the property conveyed should extend only to this fence.

Millard Sutton testified that no mistake was made, that Lewis measured the first call correctly as 189 feet and furnished the information from which the deed was drafted. He testified that the only fence erected by him on the line was that portion of the fence running from near the spring to the elm and that at the spring he merely attached this fence to one already in existence on the property but which was not on the line. It further appears from his testimony that if he had erected a fence on the line, beginning at the railroad, his own exit to the railroad crossing over the road running across the corner of the described property would have been interfered with. Several witnesses testified for appellants that they saw Lewis and Sutton making the measurements and that the point they measured to on the railroad crossing was further west than the point Lewis claimed was intended to be the true dividing line.

From the foregoing statement it is apparent that there is a serious and irreconcilable conflict in the evidence. In such circumstances the court i's not warranted in decreeing a reformation. We have many times held that in order to justify reformation of a deed on the ground of mistake a mere preponderance of evidence is not sufficient but that the evidence must be clear and convincing so as to establish mistake beyond reasonable controversy. Leslie County v. Pace, 275 Ky. 844, 122 S. W. (2d) 984; Hunt v. Stacey, 266 Ky. 9, 98 S. W. (2d) 15; Mills v. Mills, 261 Ky. 190, 87 S. W. (2d) 389; Isaacs' Guardians v. Isaacs, 247 Ky. 661, 57 S. W. (2d) 661.

While Lewis is positive a mistake was made in the deed, it must be remembered that he was testifying about a transaction occurring more than nine years before he testified. It is apparent from his testimony that his recollection about the transaction was rather vague. For instance, while the deed shows that the spring, mentioned in the description, was located on the property actually conveyed to appellants, Lewis, in answer to a question whether the spring .was on the property conveyed to the Suttons, said "When we measured that off, it was on our property, I think." This is very significant in indicating that Mr. Lewis had no definite recollection about the transaction. It is true that appellee's. testimony that appellants erected a fence along what was intended to be the line between the parties is rather persuasive that a mistake was made but Sutton insists that the only fence erected by him at that time was on that portion of the line from the spring to the elm. Another significant circumstance detracting from the strength of appellee's position is that in the original petition it was alleged that the mistake made was that in typing the deed the figures "189 feet" in the first call should have been written "139 feet." Later it was apparently discovered that a straight line beginning at a point on the railroad 139 feet west of the beginning corner and running to the elm would exclude the spring from the land conveyed by some few feet. This would have resulted in a flat contradiction of the terms of the deed by which the spring *was* included in the property conveyed. It was then that an amended petition was filed alleging that "at all places where the figures 139 feet appear in her petition, there should appear the figures 152 feet instead, that figure having been inserted before counsel was fully advised." The point on the railroad 152 feet from the beginning

corner, was the point of beginning of the fence, on the erection of which appellee relies so strongly as fixing the true division line.

A consideration of the evidence as a whole merely leaves our minds in doubt as to whether or not a mistake was made. Certainly, the evidence is far from being sufficiently clear and convincing to establish beyond reasonable controversy that a mistake was made.

Judgment reversed with directions to enter a judgment in conformity with this opinion.