**MILLS v. TAYLOR et al.**

Court of Appeals of Kentucky.

June 20, 1952.

Cleon K. Calvert, Pineville, R. Campbell Van Sant, Frankfort, for appellant.

J. J. Tye, Barbourville, for appellees.

CLAY, Commissioner.

This is an appeal from a judgment of the Knox circuit court adjudicating the rights and interests of the appellant, Fannie Mills, in and to a tract of land known as the Butler farm. The principal questions involve the effect of former judgments determining title to this property and the proper construction of the deed through which she claims.

In 1923, A. Y. Mills and his wife, Nancy, conveyed what is known as the Hignite farm to their sons Matt and Sawyer. We quote the pertinent parts of this deed:

"This deed of conveyance, made and entered into the 19th day of July 1923, between A. Y. Mills and wife Nancy Mills, parties of the first part and Matt Mills and Sawyer Mills, parties of the second part; Witnesses: That said parties of the first part, for and in consideration of the sum of One Dollar in hand paid, the receipt of which is hereby acknowledged, do we hereby sell and convey to the parties of the second part the following described property * * *."

Should parties of second part, hereinbefore mentioned, fail to sell, devise or bequeath such property, hereinbefore described, in their lifetime, then said property shall fall to the legal heirs of the bodies of A. Y. Mills and Nancy Mills, when these grantors (A. Y. Mills and Nancy Mills) shall have deceased."

"Should either of second parties, Matt Mills or S. A. Mills decease before selling or disposing of said property, then said property shall go to the survivor of the second parties."

Matt and Sawyer in 1924 conveyed the Hignite farm to Charity Butler in exchange

for the latter's farm. In 1930 Sawyer Mills conveyed by deed his one-half interest in the Butler land to his wife Fannie Mills, appellant, which was not recorded until 1947. In 1932, the gas and oil rights to the Butler land were leased, and subsequent drilling produced gas of considerable value. In 1933, an action was instituted by A. Y. and Nancy Mills against Matt and Sawyer to have the 1923 deed set aside. Appellees, Cordie Taylor, Winnie Edwards and Dicey Jackson, daughters of A. Y. and Nancy, intervened in the action, alleging that the 1923 deed was obtained by their brothers by fraud. Though the original deed conveyed the Hignite property, the interests of the parties were considered as transferred to the Butler farm.

In the suit just mentioned, the claims of the parents and the daughters were denied by the Chancellor. On appeal this judgment was affirmed. Mills v. Mills, 261 Ky. 190, 87 S.W.2d 389. At the close of the opinion the Court stated, page 393 of 87 S.W.2d:

"The cross-appeal involves the propriety of the court's construction of the quoted provision of the deed. While the quoted provisions are somewhat awkwardly worded, it is manifest that it was intended thereby to give to the grantees an estate for life in the property conveyed with remainder to the heirs at law of the grantors at the death of the survivor of the grantees, and this was the effect given to the instrument by the judgment of the Chancellor."

This constituted a judicial construction of the language of the deed which we have quoted earlier in the opinion. The rights under this deed were again considered in the case of Mills v. Mills, 275 Ky. 431, 121 S.W.2d 962, and the original construction of the deed as granting only a life estate was followed. In neither of these cases was appellant Fannie Mills a party, although she had a deed to Sawyer's one-half interest which he had conveyed to her in 1930.

In 1950 she intervened in the last suit (which was still pending on the docket) and set up her claim of ownership. She asserted that by virtue of the original deed from A. Y. and Nancy Mills to Matt and Sawyer they each were conveyed an undivided one-half interest in fee in the property, and that by virtue of Sawyer's deed to her, she now has that undivided one-half interest in fee. She also owns a one-eighth undivided interest which she purchased at a commissioner's sale when the interest of Matt was sold in a foreclosure suit.

The lower court decided that the former opinions of this Court, above referred to, constituted final adjudications of the proper construction of the original deed, and that appellant has only Sawyer's adjudicated life interest in the property.

■■ Since appellant was not a party to the former suits, the judgments entered therein could not be binding upon her. See Durst v. Amyx, 13 S.W. 1087, 12 Ky. Law Rep. 246, and Patrick v. Daniel, 238 Ky. 172, 37 S.W.2d 71. Appellees contend, however, that in some way appellant is estopped to attack the construction of the deed in the former suits to which her husband was a party. They point out that in 1947 she filed a demurrer to a petition in the present action. This could have no legal effect upon the issue under consideration. In another suit against Matt Mills, she purchased his one-eighth undivided interest. We do not see how the purchase of another outstanding interest in the property would affect her right to assert subsequently her own title. Other steps were taken in the pending suit by Matt and Sawyer Mills in 1947, which may have constituted admissions by them that they owned only a one-fourth undivided fee interest. The acts of her husband and brother-in-law could not bind her since she was not in privity with them.

In the independent suit involving Matt Mills' interest, appellant did file a motion stating that she owned an undivided one-eighth. This fact was true, as she had purchased it from Matt. As before stated, it is not an admission that she owned no other interest. In the present action, when appellant was not a party, there was an order of court entered referring to her as a life tenant. This order did not judicially fix her rights.

In the motion filed by appellant in this action to be made a party to the suit, she alleged she was the owner of a one-fourth interest in the lands and that Matt and Sawyer were owners of the other undivided three-fourths. When shortly thereafter she was permitted to intervene, she filed an answer claiming to be the owner of five-eighths. Her motion did not foreclose her right to assert an additional claim.

There are no innocent purchasers for value involved in the present controversy. Appellees acquired whatever interests they may have in the property only by virtue of the former judgments entered when appellant was not a party to the suit. Nothing that appellant has done or failed to do has in any wise misled appellees or prejudiced them or their interests in the property. We can find nothing in the nature of estoppel which should prevent her from setting up any rightful claim she has. As heretofore pointed out, the original judgments were not binding upon her, and therefore she has the right to request a reconsideration of the construction of the original deed.

We believe the deed from which we have quoted in the earlier part of this opinion was erroneously construed in the case of Mills v. Mills, 261 Ky. 190, 87 S.W. 2d 389. Counsel for appellees tacitly admit this, because they make no attempt to justify the original construction to the effect that Matt and Sawyer were conveyed only life estates in the property.

Appellant has furnished a number of authorities which establish that under our rules of construction, at least applicable to deeds executed prior to 1948, the purported limitation in the deed (creating contingent remainders) could not effectively cut down the fee first granted. It is unnecessary to discuss these authorities because by the very wording of the deed itself and Matt and Sawyer's subsequent actions, they became vested with the fee. The instrument provides in substance that if the grantees do *not* sell or dispose of the property during their lifetime, the heirs of the grantors shall take the remainder. The fact is that shortly after the conveyance Matt and Sawyer *did* sell and dispose of the land.

Even if they had only a defeasible fee up until that time, certainly it then became finally vested. Since Sawyer had a one-half undivided fee interest in the property and conveyed what he owned to appellant, she likewise has that interest (plus the other one-eighth interest which she purchased).

In the oral argument, by brief and by letter, attorneys for appellees make some attempt to attack the legality and the sufficiency of the deed from Sawyer to appellant. There is no pleading in the record to support such an attack, and we cannot now for the first time consider this question. We may say in passing, however, that on its face the original deed appears valid and effective to pass Sawyer's interest in the property.

This decision of course does not affect other interests in the property finally adjudicated between the parties to the earlier judgments.

The judgment is reversed for consistent proceedings.