MILLS v. TAYLOR et al.

Court of Appeals of Kentucky.

April 30, 1954.

Rehearing Deneid June 18, 1954.

Cleon K. Calvert, Pineville, for appellant.

J. J. Tye, Barbourville, for appellees.

CLAY, Commissioner.

This is the fourth time we have had before us some phase of a controversy involving interests in a tract of land which has been exploited under a lease for the production of gas and oil. Some of the difficulty may be laid to the misconstruction of a deed by this court when the controversy was first presented here. The history of the litigation may be found in the following cases: Mills v. Mills, 261 Ky. 190, 87 S.W.2d 389; Mills v. Mills, 275 Ky. 431, 121 S.W.2d 962; Mills v. Taylor, Ky.1952, 249 S.W.2d 779.

In the last opinion above cited we decided that appellant had a five-eighths fee interest in the land, and the judgment entered by the Chancellor following that opinion correctly recognized this interest. In addition, however, it appeared in an earlier record that appellant also had a *life estate* in the remaining three-eighths. The judgment appealed from, which is now before us, provided that appellant was entitled to the *income* accruing from the bonus, rentals and royalties under the lease with respect to her three-eighths life interest. Appellant contends that she is entitled to the bonus, interest and royalties themselves because of the fact that she acquired her life interest in the three-eighths *after* the land was under lease for the production of oil and gas.

It is the general rule recognized in Kentucky that a life tenant is entitled to the rentals and royalties accruing under a gas or oil lease as a part of the profits of the land if the land was being exploited under such a lease prior to the time of the acquisition of the life estate. 33 Am.Jur., Life Estates, Remainders, and Reversions, Section 331; Goosling v. Pinson, 198 Ky. 57, 248 S.W. 248; Cook v. Cook Adm'r, 261 Ky. 501, 88 S.W.2d 27.

It appears from the record appellant acquired her life interest under a commissioner's deed on May 4, 1947, and that the land had for several years theretofore been producing under the lease. Consequently since the land had been in a sense dedicated to this use prior to the acquisition of her life estate, the rentals and royalties realized therefrom must be considered the income or yield from the land which goes to the life tenant rather than to the remaindermen.

Appellees' argument is that one of our earlier decisions, Mills v. Mills, 275 Ky. 431, 121 S.W.2d 962, recognized that the life tenants in this property were only entitled to the *interest* on the income accruing from the bonus, rentals and royalties. However, appellant was not a party to that suit and the decision was based upon the fact that the life estates therein considered (which we subsequently held were not life estates at all) were created prior to the ex-

ploitation of the land for the production of gas and oil. Therefore, while that case recognized the correct rule of law, it is not binding upon appellant because the circumstances were changed at the time she acquired her life interest.

It appears, therefore, that the Chancellor incorrectly allowed appellant only the income from the bonus, rentals and royalties rather than the corpus of the bonus, rentals and royalties. Considering the way this litigation has been practiced from the beginning, the unsatisfactory record, and the differing constructions of the deed, the error of the Chancellor is understandable.

The judgment is reversed for the entry of one consistent with this opinion.