**Lucille DORSEY et al., Appellants,**

**v.**

**Marcia Hutton McCASKILL, Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1967.

As Modified on Denial of Rehearing Feb. 23, 1968.

 

Lloyd A. MacDonald, MacDonald & Walton, Flemingsburg, for appellants.

Marvin W. Suit, Flemingsburg, for appellee.

CLAY, Commissioner.

This is a suit for a declaration of rights with respect to the ownership of a house and lot in Flemingsburg. The Chancellor adjudged title in appellee. The appellants are heirs of Emma Emmons.

In 1943 the property was deeded to Myrtle McVey and Emma Emmons. The granting clause would have vested them with a fee simple title but the deed further provided as follows:

> "It is the agreement and covenants of this Deed that if said parties of the Second Part (Myrtle and Emma) have not sold or conveyed said property at the time of the death of one of them, then in that event said property shall go to the survivor and if the survivor does not sell or convey said property before her death, then said property shall go in fee simple to Marcia Ann Hutton."

Three years later Myrtle conveyed her undivided half interest to Emma. The latter died in 1962 without having conveyed the property.

It is the contention of appellants that the conveyance by Myrtle terminated the joint tenancy, eliminated any survivorship interests, and thereby extinguished the estate of Marcia Ann Hutton. The narrow question is whether Marcia's estate could only be cut off by a conveyance or conveyances by *both* Emma and Myrtle (or by the survivor who acquired the other half interest). The chancellor answered that question in the affirmative, with which we agree.

It will be noted that the contingent remainder interest (or defeasible fee) of Marcia is conditioned upon the failure of the "parties" (Myrtle and Emma) to convey prior to the death of one, or the failure

of the survivor to convey. It is manifest the grantor intended that the estates of both Myrtle and Emma be disposed of by them prior to the death of the last one living or the remainder would go to Marcia. Without trying to confuse the issue by technical terminology, it could be said that the two initial grantees were conveyed only life estates with a power of appointment to defeat the interest of the remainderman. To accomplish this result, the power of appointment must be exercised by both grantees or the survivor. If Myrtle's conveyance to Emma could be considered a proper exercise of the power by one of them (which is questionable), it did not fulfill the conditions which would cut off the fee simple remainder interest of Marcia.

Appellant relies upon Mills v. Taylor et al., Ky., 249 S.W.2d 779. In that case *both* parties who had an interest similar to that of Emma and Myrtle in the present case conveyed the property. That is the very thing that was not done in the present case and that is the vitally distinguishing feature.

It is perhaps true the grantor never contemplated the possible conveyance of one joint tenant to the other. However, the continuation or termination of the joint tenancy was not material to the grantor's scheme. From the language used the grantor apparently intended that unless the estates of both Myrtle and Emma were disposed of (to third parties) prior to the death of the survivor, fee simple title was to vest in Marcia. The preceding estates were not so disposed of and therefore the latter's interest was not defeated.

█ It is contended that since Myrtle is still living, she, as the survivor, may yet divest appellee of her defeasible fee by making a sale or conveyance of the property. We think it significant that though Myrtle was made a party to this suit, she asserted no claim and has not·appealed from the judgment. It is apparent that when she conveyed her undivided one-half interest to Emma, she thereby relinquished all her rights, including such as she might have had as the survivor. Her conveyance vested Emma with all the interests in the property the same as if Emma had been the survivor. Therefore a sale or conveyance by Emma prior to her death (which did not occur) was the only contingency that would have defeated appellee's title.

The judgment is affirmed.

All concur.