AMERICAN BIBLE SOCIETY *vs.* EBENEZER WELLS, executor.

Cumberland.    Decided December 26, 1878.

*Will.    Interest.    Action.*

When interest is recoverable merely as damages, an action cannot be maintained for its recovery, after payment of the principal.

Thus, where a bequest or contract is silent as to interest, so that, if it can be recovered at all, it can only be recovered as damages, an action to recover it cannot be maintained, after payment of the principal.

DEBT for interest on a legacy, after payment of the principal.

ON AGREED STATEMENT, the substance of which appears in the opinion.    The writ was dated November 23, 1877.

The estate was inventoried at $19,207.82 ; and the residue, after payment of the $13.000 to the societies, was bequeathed to relatives.    The personal estate, to the amount of $12,200, was in notes, which matured and were paid in November and December, 1876.    The societies were all paid the principal of their bequests at various dates between July 28 and November 23, 1876.

*L. Pierce,* for the plaintiffs.

Legacies are payable in one year from decease of the testator, even where directed to be paid as soon as convenient, and also where the estate is so situated that it becomes impracticable to convert the assets into money at that time.    2 Redfield on Wills, 471, 3d ed.    *Smith* v. *Lambert,* 30 Maine, 137.    *Rice* v. *Boston Port & Seamen's Aid Society,* 56 N. H. 191.    *Kent* v. *Dunham,* 106 Mass. 586.    *Martin* v. *Martin,* 6 Watts, 67.    *Pearson* v. *Pearson,* 1 Sch. & Lef. 10.

It makes no difference if payable out of real estate.    22 W. R. 748.

And though not demanded.    *Birdsall* v. *Hewlett,* 1 Paige, 32.

Interest should be computed with annual rests.    *Miller* v. *Congdon,* 14 Gray, 114.

*M. Butler & C. F. Libby,* for the defendant, contended that the testatrix having, after making the will, renewed and given time on the notes, the proceeds of which were necessary to the

payment of the large legacies to the societies, it was unreasonable to demand payment of the executor before the notes became due and payable.

WALTON, J.   Sarah Ann Hobart, by her last will and testament, bequeathed $2,000 to the American Bible Society.   She also made bequests to other charitable societies, amounting in all to $13,000 ; and directed that these legacies be paid as soon after her decease as her executors could "conveniently make the necessary arrangements for so doing."   The testatrix died April 28, 1874.   The legacy to the Bible Society was paid November 23, 1876.   The Society claims that after the expiration of a year from the death of the testatrix they were entitled to interest on the legacy ; and this action is brought to recover it.

We think the action cannot be maintained.   It seems to us that the legacy was paid as soon as the executors could "conveniently make the necessary arrangements for so doing."   Besides, when, as in this case, interest is recoverable, if recoverable at all, merely as damages, an action cannot be maintained for its recovery, after payment of the principal.   If, by the terms of a contract or a bequest, a party is entitled to interest, undoubtedly an action may be maintained to recover it, even after the principal has been paid.   But when the contract or the bequest is silent as to interest, so that, if it can be recovered at all, it can only be recovered as damages, an action to recover it cannot be maintained, after payment of the principal.   *Fake* v. *Eddy*, 15 Wend. 76. *Tillotson* v. *Preston*, 3 John. 229.   Sedgwick on Damages, 5th ed. 445.

In the case last cited the court say that "if the plaintiff has accepted the principal he cannot afterwards bring an action for the interest."

*Judgment for defendant.*

APPLETON, C. J., BARROWS, VIRGIN and LIBBEY, JJ., concurred.