## Mahoney, et al. v. Mentz's Assignee.

(Decided May 1, 1913.)

Appeal from Barren Circuit Court.

Appeal—Practice—Second Appeal.—Where there are two appeals in the same case, the opinion of the court on the first appeal is conclusive of all questions decided by it, and matters so decided cannot be re-opened on a second appeal.

PORTER & SANDIDGE and McQUOWN & BECKHAM for appellants.

BAIRD & RICHARDSON, McCANDLESS & LARIMORE and H. A. WATKINS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The only question in this case is, does the judgment entered by the lower court conform to the opinion delivered by this court on a former appeal, and which may be found in 150 Ky., 409. Appellants on this appeal, who were appellees in the former appeal, insist that the opinion did not authorize a judgment holding, as the judgment appealed from does, that E. H. Mentz was a principal in the contract between "The Hart County Mineral & Oil Company of the first part and L. M. Mahoney, Paul J. Mahoney, E. H. Mentz and George D. Mentz of the second part."

It is the contention of appellants that E. H. Mentz was not a principal in this contract and that this court did not so decide, and therefore the lower court commit-

ted error in entering a judgment which treated him as a principal. On the former appeal the issue was distinctly made in the pleadings, evidence and the briefs of counsel as to whether E. H. Mentz was a principal in this contract or merely the surety of Ella and Paul Mahoney that they would perform the contract entered into with the oil company, it being conceded on the former appeal as well as now that if E. H. Mentz was only a surety for the performance of the contract by the Mahoneys with the oil company that he should not be held liable for the debt of the parties of the second part in the contract, who, in the opinion, are called "the drillers." On the other hand, if he is to be treated as a principal in that contract, then his liability is unquestioned and the judgment now appealed from correct.

In the contract E. H. Mentz appears as a principal, there being nothing in it to indicate that he was not a party of the second part. The evidence in the old case as to whether he should be treated as a principal is conflicting, there being evidence to show that he was a principal and also evidence to show that he was only the surety of the Mahoneys. The judge of the lower court who decided the case from which the first appeal was prosecuted was of the opinion that Mrs. Mahoney had a good defense to the action. and therefore in the course of his opinion, said:

"It was immaterial whether Ed Mentz was principal or surety in the contract if Mrs. Mahoney had a good defense to the action, for if no judgment can be obtained against her, then none can be obtained against the estate of Ed Mentz whether he be principal or surety."

As stated in the opinion, the account of "the drillers" in the bank, out of which this litigation arose, was kept in the name of Ella Mahoney, but it is shown in the old record that Mentz gave checks on this account to repay himself for money he had expended for "the drillers." It is also shown that E. H. Mentz several times spoke about his interest in this drilling business, and what fine prospects they had. For example, B. F. Conway testified that "Mr. Mentz always spoke to me as an interested party in the enterprise, frequently saying that 'we were having success in bringing in wells that produced certain amount of oils with good prospects of other producing wells.' " And to L. H. Oller he said that "he was digging a well over there; was my understanding he was interested in some way. It seems that he told me he

had a contract that he was to go so many feet before he got any money, and after they went that far he was to get more.''

We merely mention these facts taken from the old record to show that there was evidence that Mentz was one of the interested parties in this drilling contract in connection with his daughter, Mrs. Ella Mahoney, and his son-in-law, Paul Mahoney, and therefore this court on the first appeal might well have reached the conclusion that he was a principal and not a surety. The question is, was such a conclusion reached and does the opinion so hold If it does the opinion is conclusive of the question that E. H. Mentz was a principal, and the matter cannot now be re-opened.

It is stated in the opinion that "on Feb. 16, 1904, the Hart County Mineral & Oil Company, a corporation, made a written contract for the drilling of a well on its lease-hold property. The contract ran with Ella M. Mahoney, Paul J. Mahoney, E. H. Mentz and George D. Mentz as parties of the second part.''

It is further said in the opinion in speaking of Mrs. Mahoney's account in the bank: "She may have thought that her uncle was collecting the money from the oil company and depositing it to her credit. He did not meet such an expectation or support such a hope, and the result of her checking was the drillers' overdraft, their using the bank's funds which they owed to the bank.''

All through the opinion the contract is spoken of as "The drilling contract,'' and the parties of the second part as "the drillers,'' Ella Mahoney, Paul J. Mahoney and E. H. Mentz being treated exactly alike, and as included by the word "drillers.'' It is true the opinion does not specifically decide whether E. H. Mentz was principal or surety in the contract, but it is evident that he was regarded as a principal, or else it would have been pointed out that he was only a surety, and therefore not liable for the debt; and there are ample facts and circumstances in the old record to support the conclusion that E. H. Mentz was a principal in this contract. That he was treated by the opinion as a principal is further made manifest by the fact that in a petition for a re-hearing the court was asked to state that he was only a surety but declined to do so.

We think the judgment of the lower court correct, and it is affirmed.