## Ison v. Buskirk-Rutledge Lumber Company, et al.

(Decided November 18, 1924.)

### Appeal from Letcher Circuit Court.

1. Judgment—New Trial—Litigant may Move for New Trial and Appeal and also Sue to Vacate Judgment, but Not on Same Ground.—Litigant may enter motion for new trial, and prosecute appeal, and simultaneous therewith, or after appeal is decided, sue to vacate judgment and for new trial, under Civil Code of Practice, section 518, provided ground on which he relies in his petition is one of which he did not avail himself on motion for new trial, but he is not entitled to both remedies on same ground.

2. Judgment—Loss of Record Not "Casualty" or "Misfortune" for which Judgment May be Vacated.—Inability to procure record in case after motion for new trial by diligent search and inquiry of clerk and counsel, while a misfortune, is not character of "casualty" or "misfortune" for which judgment may be vacated under Civil Code of Practice, section 518.

3. Appeal and Error—Procedure to be Followed when Record Cannot be Found After Motion for New Trial.—If after denial of motion for new trial record cannot be found before time fixed for filing bill of exceptions, appellant should apply to court to institute inquiry for record, and, if it cannot be found, to have it supplied, and, pending such proceedings, apply for extension of time in which to file bill of exceptions.

D. D. FIELDS & DAY for appellant.

STEPHEN P. COMBS, COOK & COMBS, and O'REAR, FOWLER & WALLACE for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

On the 30th of June, 1916, the appellant, Buskirk-Rutledge Lumber Company, a corporation, by written contract purchased of appellee, Jeff Ison, 406 trees which were then cut and lying on his farm in Letcher county, Ky.

Ison was to cut these into saw logs and deliver them f. o. b. cars at Blackey, Ky., within four months from that date, in consideration of $1,400.00, of which sum the lumber company advanced $600.00.

On the 21st of February, 1919, appellee sued appellant, alleging that he had failed to deliver any of the logs named, within the four months specified in the contract; that he had thereafter delivered only three cars of logs, for which it credited him; that by his failure to deliver in accordance with the contract it had been damaged $1,-218.00. It sued for that sum and the $600.00 theretofore advanced. To this appellant filed an answer and counter-claim, and thereafter appellee filed an amended petition setting out its cause of action in more particularity and praying $1,158.61 damages.

At the August term 1920, in the absence of appellant, appellee was awarded a verdict and judgment in the sum of $1,059.89. Motion and grounds for a new trial were duly filed, and were on the 20th of January, 1921, overruled. Defendant was given to and including the 10th of April in which to prepare and file his bill of exceptions. It does not appear that he took any further steps in that action, but on the 28th of February, 1922, he filed a petition in equity, in accordance with the provisions of section 518 of the Civil Code of Practice, seeking a new trial on the grounds of unavoidable casualty and misfortune.

The proceedings in the former action were made a part of the petition as amended. He alleges that the original action was assigned for trial at a special term of the Letcher circuit court held in July, 1919; that he had a good defense; had prepared for trial and went to Whitesburg for that purpose; that he was then told by attorneys for appellee (plaintiff) that they could not procure the attendance of their witnesses at that term of the court and was asked to agree to a continuance, which he did; that this special court closed just one week before the beginning of the regular August term of that court and he understood the continuance to be to the January, 1920, term. He gave no further thought to the case until the morning of the 8th day of the August term, when he received a communication from his counsel over the railroad telegraph wire, to the effect that plaintiffs' witnesses were present and the case assigned for trial on that day; that his wife was sick and he could not leave her; it was 16 miles to Whitesburg, and only one train

per day in that direction; it was almost due at the time
he received the information; further, not anticipating a
trial he had made no preparation; he wrote a note to his
attorneys stating these facts and asking them to procure
a continuance for him, and sent this to Whitesburg by
a neighbor, who went on the train.

When the case was called for trial that day, his at-
torneys made these facts known to the court and sought a
continuance, but the court refused to grant same, and
angrily announced in the presence of the jury that de-
fendant was seeking to avoid appearing before the grand
jury, and that he (the court) would try the case that day
or die, all of which was greatly to defendant's prejudice;
that this statement of the court was untrue, as he had
attended the court and been before the grand jury during
that term; that at the time he was actually detained at
home by the illness of his wife, otherwise he would have
attended the trial when notified by his counsel, though
he could not have procured his witnesses at that time.

The record shows that within three days after the
verdict of the jury, appellant entered a motion for a new
trial, in which among the grounds relied upon were acci-
dent and surprise, which ordinary prudence could not
have guarded against, and because of unavoidable casu-
alty and misfortune, and in support of these grounds he
filed his own affidavit, covering all of the matters set out
above, and also the affidavits of his attorneys in which
they stated they had no knowledge or reason to believe
that he (appellant) would not be present in court at the
trial of his case on the day it was docketed, the 8th day
of term, but on the day before undertook to reach him
over the telephone and finally wired him on the morning
of the 8th; that on his failure to arrive they asked for a
continunace and the court made the statement above at-
tributed to him.

The plaintiff in that action filed counter-affidavits
made by its attorney and the sheriff, the latter being to
the effect that he went to appellant's house the day before
the trial, to-wit: the 7th day of the term, to summon him
before the grand jury; that he was not at home and that
the surroundings indicated that he was seeking to avoid
service of process.

In considering the motion the court handed down a
written opinion discussing in detail the grounds above
mentioned and decided they were not sustained by the

facts. It thus appears that his claim of unavoidable casualty or misfortune was fully heard, considered and determined on the motion for a new trial.

A litigant may enter a motion for a new trial and prosecute an appeal; simultaneously therewith or after the appeal is decided he may have an action to vacate the judgment and for a new trial under section 518, provided the ground upon which he relies in his petition is one of which he did not avail himself on the motion for a new trial. Rice v. Blair, 161 Ky. 280. Duncan v. Allender, 110 Ky. 828. But he is not entitled to both remedies on the same ground. As was said in Commonwealth v. Weissinger, Judge, 143 Ky. 368: "This section (518) was designed to supplement, but not to supersede other provisions authorizing motions for a new trial and allowing appeals, and can only be invoked by a party when the other remedies are not available."

To meet this view of the case two reasons are urged. It is first claimed that the court in passing upon the motion for a new trial misconstrued the language quoted from the Weissinger case above, and reached the conclusion that to obtain relief for unavoidable casualty and misfortune a proceeding can only be maintained by a petition under section 518, and that such relief is not available on a motion for a new trial.

A reference to the written opinion of the court overruling the motion for a new trial shows otherwise; indeed, as above pointed out, that ground was the principal question decided by the court. It is next claimed that in overruling the motion for a new trial the court had written in his opinion certain matters prejudicial to appellant, and for that reason he could not afford to prosecute an appeal on that action. We are at a loss to understand the force of this reasoning.

It is next urged that after the motion for a new trial was overruled on January 20, 1920, the appellant was unable to procure the record in the case; that he made diligent search for it; inquired of the clerk and of counsel for appellee, but neither of them gave him any information respecting it, and that it was not discovered until after the present action to vacate judgment was instituted, when it was produced by appellee's counsel.

It does not clearly appear whether appellant is relying on this as a casualty. Naturally while a misfortune, it is not of the character of casualty or misfortune for which a judgment may be vacated, under section 518, as

that provision does not apply to matters occurring after the rendition of judgment, nor does it afford an additional remedy to that afforded appellant in the prosecution of an appeal in the original action. If the record could not be found before the time fixed for filing the bill of exceptions the appellant had ample opportunity to apply to the court, first to institute an inquiry for the record, and second, if it could not be found, to have it supplied. Pending those proceedings he could have applied for an extension of time in which to file his bill of exceptions. Failing to do this he cannot complain of his present condition.

Wherefore, the judgment is affirmed.