### FRASURE v. MARTIN et al.

Court of Appeals of Kentucky.

March 7, 1952.

Joe P. Tackett, Joseph D. Harkins, Prestonsburg, for appellant.

A. B. Combs, Prestonsburg, for appellees.

CLAY, Commissioner.

This controversy involves the apportionment of rent, realized from a house and lot, between the widow and heirs of one deceased. Appellant's husband died intestate in 1933, and since that date she has had control of and rented to others residence property owned by him. The heirs have called on her to account. The Chancellor allowed her one-third of the net amount realized.

On this appeal she contends: (1) she was entitled to one-third of the gross rent; and (2) the heirs must reimburse her for the taxes she paid and the expenses she incurred in the maintenance of the property.

Section 2138 of Kentucky Statutes, effective at the date of the husband's death, provides as follows: "The wife shall be entitled to one-third of the rents and profits of her husband's dowable real estate from his death until dower is assigned, and she

shall hold the mansion-house, yard, garden, the stable and lot in which it stands, and an orchard, if there is one adjoining any of the premises aforesaid, . without charge therefor, until dower is assigned her."

■ Since appellant did not live with her husband on this property at the time of his death, or thereafter occupy it as a home, it did not constitute the "mansion-house" contemplated by the statute. Rich v. Rich, 7 Bush. 53, 70 Ky. 53. Therefore appellant was not entitled to the use of this residence free of charge, and it must be classified as other dowable real estate.

■ Under the statute she was only entitled to one-third of the "rents." Whether this is gross or net was determined in Morton's Ex'rs v. Morton's Ex'r, 112 Ky. 706, 66 S.W. 641. Therein we held that the widow was entitled to one-third of the gross rent, and the taxes and cost of repairs were debts against the estate for which she could not be charged. This rule was reaffirmed in Wyly v. Kallenbach et al., 256 Ky. 391, 76 S.W.2d 34, wherein we said that the heirs must pay the ordinary expenses of maintaining and using the estate in the ordinary way. That case involved an extraordinary operation of the premises for profit, but it was held the normal expenses should not be borne or shared by the widow.

The Chancellor found in the present case that appellant had collected $2,109 gross rent on the premises and that she had expended $771.95 for taxes and repairs. He then adjudged that appellees, the heirs, recover of appellant two-thirds of the net sum remaining of $1337.05. This was in effect allowing her only one-third of the net rent, contrary to the rule above stated.

■ Appellees attempt to justify this judgment on the ground that appellant took possession of this property and for many years did not ask for an allotment of dower. They claim some sort of estoppel on the theory that she should not be entitled to profit by her own neglect. As pointed out in the Wyly case above cited, one of the purposes of the quarantine statute which we have quoted was to serve as a whip in compelling the heirs to arrange

for the assignment of dower. She was under no duty to take action. There is no reason shown in this record why she should have lost her rights under the statute.

The proper judgment should allow her one-third of the gross rents and require appellees to reimburse her for the amount expended for taxes and maintenance.

The judgment is reversed for consistent proceedings.