Carlo WOLFE et al., Appellants,

v.

Willie COMBS' ADM'R (Geo. W. Tipton) et al., Appellees.

Court of Appeals of Kentucky.

Nov. 19, 1954.

Brown & Bird, London, Roy W. House, Manchester, for appellants.

Lyttle & White, Pleaz Wm. Mobley, Manchester, Herschel H. Sutton, Corbin, for appellees.

STANLEY, Commissioner.

The administrator of the estate of Willie Combs recovered a judgment for $10,000 for his death, and the owner of the truck he was driving when it collided with a truck of Carlo Wolfe and Joe White recovered a judgment for $3,000 damages to his truck. After an appeal from the joint judgment had been perfected in this court, the defendants in that action filed a motion to set aside the judgment upon the ground of newly discovered evidence and for a "reason of an extraordinary nature justifying relief from the operation of the judgment." CR 60.02

The controlling issue in the damage suit was whether or not the defendants' stalled truck was lighted, the accident having occurred about 10 o'clock at night. The principal evidence in behalf of the plaintiffs was that given by Don Hall, which was that he had passed the defendants' truck parked on the paved highway without any kind of light on or about it or any person around the truck. The testimony of another witness on the point was indefinite. Hall's affidavit filed in support of the motion to vacate the judgment is, in substance, that after the trial, he had learned and is now positive it was not the defendants' truck that he saw but another one at a different place on the highway; that he had testified in good faith as he believed it was the de-

fendants' truck and that he now wishes to retract his testimony. On a hearing of the motion, Hall testified as in his affidavit and underwent vigorous cross-examination. Other testimony related to the time the defendants had learned of the retraction in relation to the trial of the damage suit and the circumstances under which the affidavit was given.

The circuit court did not pass upon this motion. The order overruled it on the ground that the judgment had been superseded and the case was pending in the Court of Appeals and that this court "should be permitted to pass on the whole case, including the evidence heard on this motion."

 CR 60.02 is substantially the same as Section 518 of the Civil Code. An action under Section 518 was a new and independent suit and the Code provision was long construed as authorizing the trial court to vacate a judgment upon permitted grounds pending an appeal or even after the judgment had been affirmed by the Court of Appeals. Rice v. Blair, 161 Ky. 280, 170 S.W. 657; Ison v. Buskirk-Rutledge Lumber Co., 205 Ky. 583, 266 S.W. 243; Fillhardt v. Schmidt, 291 Ky. 668, 165 S.W.2d 155. Therefore, we think the trial court had the power and the duty to pass upon the motion to vacate the judgment even though an appeal was pending.

 It is to be remembered that this court has no original jurisdiction except in certain wholly unrelated cases. Since we are a court of review, we must respectfully decline the gracious, although unauthorized, invitation to go first. We are constrained to reverse the order and remand the case that the trial court may pass upon the motion to vacate the judgment. The appeal in the original action will be abated until we are properly advised of the decision of the trial court in this proceeding.

The judgment is reversed and the case remanded for further proceedings.