**Cordelia TAYLOR et al., Appellants,**

**v.**

**Fannie Marsee MILLS, Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1958.

See also, 318 S.W.2d 880.

J. B. Johnson, Williamsburg, E. F. Prichard, Jr., Lexington, for appellants.

John Hopkins, Hazelrigg & Cox, Frankfort, Cleon K. Calvert, Pineville, for appellee.

CLAY, Commissioner.

This is the fifth appeal arising out of a series of controversies which stem from a 1923 conveyance of a tract of land in Doe Gap. The history of this litigation may be traced through the following cases:

1. Mills v. Mills, 261 Ky. 190, 87 S.W. 2d 389, decided November 7, 1935.

2. Mills v. Mills, 275 Ky. 431, 121 S.W. 2d 962, decided November 1, 1938.

3. Mills v. Taylor, Ky., 249 S.W.2d 779, decided June 30, 1952.

4. Mills v. Taylor, Ky., 268 S.W.2d 412, decided April 30, 1954.

Upon the filing of the mandate following our last decision, the trial court entered judgment in conformity therewith and also included a judgment conforming to our previous opinion handed down June 30, 1952.

Appellants promptly undertook to appeal from this judgment, which complied in every respect with our mandate. They did not proceed under CR 60.02 or otherwise to have such judgment modified or vacated. Their only contention on this appeal is that the last judgment entered, although conforming to our final decision in the controversy, is in conflict or is inconsistent with our previous decisions and opinions in this litigation, and for that reason is erroneous.

Appellants present no justiciable ground that would justify our reversal of the judgment, since it conforms to our mandate and our final decision in this case. To sustain appellants' position would in effect require us to entertain and uphold a second petition for rehearing after we had directed entry of a final judgment. If this practice were permitted, no litigation could ever be terminated. We know of no precedent for it.

The final decision of this Court is the law of the case, whether right or wrong, and is conclusive of the questions therein resolved and may not be reopened and reconsidered by prosecuting an appeal from a judgment entered in conformity therewith. It is binding upon the parties, the trial court, and upon this Court. Mahoney v. Mentz's Assignee, 153 Ky. 484, 155 S.W. 1137; Bates v. City of Monticello, 173 Ky. 244, 190 S.W. 1074.

It is true that CR 60.02 may provide a remedy for attacking a judgment even after there has been a final decision with respect thereto by the Court of Appeals. This was permitted under former Civil Code of Practice Section 518, which CR 60.02 supersedes. See Western Bank v. Coldeway, 94 S.W. 1, 29 Ky.Law Rep.

651, 652; Maddox's Ex'r v. Williams, 87 Ky. 147, 7 S.W. 907; and Long v. Howard, 260 Ky. 323, 75 S.W.2d 742. However, no motion under CR 60.02 was made in the trial court, and we will not initially entertain such a motion. Wolfe v. Combs' Adm'r, Ky., 273 S.W.2d 33. See Clay, CR 60.02, Comment 1, page 532. Perhaps more fatal to appellants' position is the fact that the ground alleged (i. e., error in our former decision) is not, as we have pointed out above, a ground for relief from a judgment.

Since the judgment appealed from was entered in conformity with our mandate and with our final decision in this particular controversy, we find no error in the judgment.

The judgment is affirmed.