H. D. MARTIN et al., Appellants,

v.

Ava Martin FRASURE et al., Appellees.

Court of Appeals of Kentucky.

Oct. 13, 1961.

Rehearing Denied Feb. 2, 1962.

C. W. Napier, Hazard, for appellants.

C. Kilmer Combs, Ashland, Joe Hobson, Joe P. Tackett, Prestonsburg, for appellees.

MONTGOMERY, Judge.

H. D. Martin, referred to herein as Hasadore, and his sister, Nancy Martin, appeal from the judgment entered in six consolidated cases. It was there adjudged that Hasadore did not own any interest in two tracts of land described as the "Tom Martin" and "Mousie Martin" tracts. In a subsequent order, also appealed from, appellants complain of the correction of the description of the "Mousie Martin" tract in a conveyance ordered following the sale of Hasadore's interest therein. Other matters were reserved for future adjudication. The judgment and order comply with CR 54.02.

Hasadore is the more aggrieved of the two appellants. He insists that he has been disinherited wrongfully from the estates of Tom and Mousie Martin under the guise of legal proceedings had pursuant to a conspiracy among the appellees "to procure the entry of unlawful and inequitable judgments and proceedings in the Circuit Court"; that all claims against him have been accounted for; and that various judgments, proceedings, and sales are void. He seeks an accounting of various funds, rents, and royalties. Nancy claims certain funds and interest.

The parties are the children and their descendants of William Martin, deceased. After his death, his lands were partitioned. Separate conveyances were made to each for his or her respective tract. The lands allotted to two of the children have been identified in prolonged litigation as the "Tom Martin" and "Mousie Martin" tracts.

This is the fifth appeal involving various phases of a family legal feud of approximately thirty years' duration. See Martin v. Martin, 282 Ky. 411, 138 S.W.2d 509; Martin v. Martin, 286 Ky. 408, 150 S.W.2d 696; Frasure v. Martin, Ky., 247 S.W.2d 51. One appeal prosecuted by Hasadore was dismissed.

The contentions now made by appellants were disposed of by the Chancellor's holding that "All various judgments heretofore entered in this cause are valid in all respects and the Court cannot go behind them." This reference is to several judgments entered during this litigation, including those of May 15, 1940, June 5, 1940, June 19, 1941, and January 7, 1942. Also included was the report of settlement in the estate of Mousie Martin, deceased, recorded in the Floyd County Court on November 28, 1941. Some of the judgments were rendered in obedience to the mandates of this Court. Hasadore's appeal from another judgment was dismissed.

Hasadore now urges that these proceedings and judgments should be set aside because they are inequitable and unlawful. He ignores his failure to attack these judgments by appeal or otherwise at the time they were rendered. The inequities and errors embodied therein cannot be raised now, two decades later. Wallace v. Ashland Oil & Transportation Co., Ky., 305 S.W.2d 541. A final decision of this Court, whether right or wrong, is the law of the case and is conclusive of the questions therein resolved. It is binding upon the parties, the trial court, and the Court of Appeals. It may not be reconsidered by prosecuting an appeal from a judgment entered in conformity therewith. Taylor v. Mills, Ky., 320 S.W.2d 111. Cf. Union

Light, Heat & Power Co. v. Blackwell's Adm'r, Ky., 291 S.W.2d 539. Such decisions are in accord with the policy that all litigation should finally come to an end. The judgments entered in the Floyd Circuit Court in obedience to the mandates of this Court and the judgments therein from which no timely appeal has been taken or on which no timely attack has been made are final.

█ It appears that Nancy has received the funds claimed by her and has accepted payment without demanding any interest. Her claim to interest was thereby waived. American Bible Society v. Wells, 68 Me. 572, 28 Am.Rep. 82; 100 A.L.R. 105.

Judgment affirmed.