RENDERED: MAY 28, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0518-MR

YUSUF MURAD                                                         APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE A.C. MCKAY CHAUVIN, JUDGE
ACTION NO. 10-CI-005924

GEICO INDEMNITY INSURANCE CO.                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, MAZE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Yusuf Murad ("Murad" or "Appellant") appeals from

an order of the Jefferson Circuit Court granting summary judgment in favor of

GEICO Indemnity Insurance Company ("GEICO" or "Appellee"). Appellant

argues that the circuit court erred in failing to conclude that Appellee had a duty to

defend Appellant in a third-party subrogation claim, that the duty to defend was

not dependent on Appellant's ownership of the vehicle involved in a collision, and

that the court must construe the policy language in favor of Appellant. As a prior

panel of this Court determined that the insurance policy between Appellant and

Appellee was void *ab initio* as a matter of law, we find no error in the Jefferson

Circuit Court's conclusion that Appellee had no duty to defend Appellant.

**FACTS AND PROCEDURAL HISTORY**

In the interest of judicial economy, we adopt the factual and

procedural recitation set out in the prior opinion of this Court in *GEICO Indemnity*

*Co. v. Murad*, No. 2016-CA-1907-MR, 2018 WL 3602950 (Ky. App. Jul. 27,

2018). We stated therein as follows:

> On September 14, 2008, Abdalla Suleiman was
> operating a Mitsubishi Eclipse when it collided with a
> motor vehicle operated by Abdullahi Said. At the time of
> the alleged collision, the Mitsubishi Eclipse was listed as
> a covered vehicle upon a motor vehicle insurance policy
> issued to Yusuf Murad by GEICO Indemnity Company
> in April of 2008. Murad is Suleiman's father. The motor
> vehicle driven by Said was insured by Liberty Mutual
> Fire Insurance Company. The police were not
> summoned to the accident; rather, a civilian traffic
> collision report was completed by Said.
>
> Liberty Mutual paid a total of $39,776.94 to its
> insured as a result of the accident. It ultimately sought
> subrogation from GEICO. GEICO informed Liberty
> Mutual that the claim was "denied" due to issues of fraud
> and uncooperativeness of Murad and Suleiman.
>
> Thereafter, on August 23, 2010, Liberty Mutual filed
> a complaint (Action No. 10-CI-005924) in the Jefferson

Circuit Court against Suleiman and Murad. Therein, it was alleged that Suleiman negligently caused a collision between his vehicle and its insured's vehicle. Liberty Mutual maintained that it paid a total of $39,776.94 to its insured because of the accident. Liberty Mutual sought to recover said sum from Suleiman and Murad.

Neither Suleiman nor Murad filed an answer; consequently, Liberty Mutual filed a motion for default judgment. By order entered April 13, 2011, the circuit court granted Liberty Mutual's motion for default judgment and determined that Suleiman and Murad were jointly and severally liable for the sum of $39,776.94.

Suleiman and Murad then retained private counsel and filed, on October 7, 2011, a complaint in the Jefferson Circuit Court against GEICO (Action No. 11-CI-006538). Therein, it was asserted:

> 10. On August 23, 2010, Liberty Mutual instituted a civil lawsuit against Mr. Murad and Mr. Suleiman in the Jefferson County, Kentucky Circuit Court, Civil Action No. 10-CI-005924 (the "*Underlying Action*"), on its subrogation claim, asserting negligence on the part of Mr. Suleiman in causing the Accident and in addition, Liberty Mutual asserted a claim against Mr. Murad on a theory of vicarious liability, claiming Mr. Murad did not have motor vehicle insurance covering the Mitsubishi Eclipse.
>
> 11. After [Suleiman and Murad] were each served with a summons and a copy of the complaint in the Underlying Action, they notified GEICO of the Underlying Action.
>
> 12. Thereafter, GEICO continued to deny coverage on the claim and refused to

provide [Suleiman and Murad] with any defense in the Underlying Action.

13. In or around November of 2010, Liberty Mutual moved for default judgment against [Suleiman and Murad]. [Suleiman and Murad] notified GEICO of the motion for default, however GEICO took no action to protect the interests of [Suleiman and Murad]. Although [Suleiman and Murad] attempted to represent themselves in the Underlying Action, a default judgment was entered against them, jointly and severally, on April 13, 2011, in the amount of $39,776.94, plus interest thereon at the rate of 12% per annum (the "*Judgment*").

14. On September 2, 2011, [Suleiman and Murad], by counsel, tendered a copy of the Judgment to GEICO, demanding payment thereof, which to date, GEICO has failed and/or refused to pay and in fact, GEICO has failed to even respond.

15. [Suleiman and Murad] have been damaged by GEICO's breach of contract, bad faith, and its violations of Kentucky's Insurance Code, including but not limited to its failure to provide a defense to [Suleiman and Murad] and its failure to indemnify and pay the Judgment against [Suleiman and Murad], entitling [Suleiman and Murad] to relief therefrom.

Complaint at 3-4. GEICO filed an answer to complaint and denied that the motor vehicle insurance policy issued to Murad covered the Mitsubishi Eclipse for various reasons.

On October 27, 2011, Suleiman and Murad filed a motion to set aside the default judgment in Action No. 10-CI-005924. By order entered December 21, 2011, the circuit court granted the motion to set aside the April 13, 2011, default judgment.

GEICO then retained attorney Todd Page to represent Suleiman and Murad in the action filed by Liberty Mutual (Action No. 10-CI-005924). On January 27, 2012, Page entered an appearance as co-counsel for Suleiman and Murad. Suleiman and Murad also continued to retain privately hired counsel.

Suleiman and Murad eventually filed a motion for summary judgment against Liberty Mutual (Action No. 10-CI-005924). Subsequently, by agreed order, the two actions (Action Nos. 10-CI-005924 and 11-CI-006538) were consolidated on February 15, 2012.

The circuit court then granted, in part, Suleiman and Murad's motion for summary judgment against Liberty Mutual and dismissed all claims asserted by Liberty Mutual except one claim asserted against Suleiman. Thereafter, an agreed order was entered on October 15, 2013, dismissing the remaining claim against Suleiman.

On October 27, 2014, GEICO filed a motion for declaratory judgment in this action. GEICO asserted that the motor vehicle policy issued to Murad did not provide coverage for the motor vehicle accident that occurred on September 14, 2008. Specifically, GEICO asserted that Murad made material misrepresentations on the application for insurance coverage and that Suleiman made false statements concerning the accident and concealed facts from GEICO. Then, on February 2, 2015, the circuit court rendered an Agreed Order dismissing Suleiman as a party and all claims asserted against him. On October 27, 2015, GEICO's motion for declaratory judgment was denied.

The circuit court ultimately bifurcated for jury trial the coverage and bad faith claims. A jury trial was conducted on August 29, 2016, on the coverage issue, and the jury ultimately returned a verdict in favor of Murad, upon which judgment was entered September 9, 2016.

GEICO then appealed the adverse judgment on the coverage portion of the bifurcated claim. A panel of this Court in *GEICO Indemnity Co. v. Murad*, *supra*, reversed the circuit court's judgment as to the coverage portion of the bifurcated claim. In support of the opinion reversing, the panel determined that Murad did not own the Mitsubishi Eclipse at the time of the accident. The panel determined that the policy of insurance could be valid and enforceable only if Murad had an insurable interest in the vehicle at the time of the accident. Having found no insurable interest by virtue of the fact that Murad did not own the vehicle at the time of the accident, the panel concluded that the policy purporting to insure the vehicle was void *ab initio*.

The remaining portion of the bifurcated claim continued in Jefferson Circuit Court, wherein Murad alleged that GEICO acted in bad faith by improperly failing to defend Murad in Liberty Mutual's subrogation claim in a timely manner. GEICO moved for summary judgment. As a basis for the summary judgment motion, GEICO argued that as there was no valid insurance policy by virtue of the holding in *GEICO Indemnity Co. v. Murad*, *supra*, GEICO had no duty to defend. The Jefferson Circuit Court found this argument persuasive, and rendered an

opinion and order on March 13, 2020, sustaining GEICO's motion. This appeal followed.

## ARGUMENTS AND ANALYSIS

Murad now argues that the Jefferson Circuit Court erred in sustaining GEICO's motion for summary judgment. He contends that the "duty to defend" clause in the insurance policy entitled him to a defense in Liberty Mutual's subrogation claim. Murad also argues that GEICO's duty to defend was not dependent on his ownership of the vehicle, and that the policy language must be construed in his favor. Murad also asserts that he had a reasonable expectation of coverage, that GEICO engaged in bad faith, and that it should be estopped from denying its obligation to defend. He seeks an order reversing the summary judgment and remanding the matter for a jury trial on the breach of contract and bad faith claims.[1]

We must first address GEICO's contention that Murad failed to comply with Kentucky Rules of Civil Procedure ("CR") 76.12(4)(c)(v) requiring a statement at the beginning of the argument showing whether the issue was

---

[1] On approximately October 27, 2011, GEICO retained attorney Todd Page to defend Murad and Suleiman. GEICO's defense was successful and Liberty Mutual's complaint against Murad was dismissed. Nevertheless, Murad argues that he suffered a default judgment and the suspension of his driving privileges "among other harms."

preserved and, if so, in what manner. Murad complied with this provision by citing his memorandum in opposition to GEICO's motion for summary judgment. "[A]n appellate court cannot consider items that were not first presented to the trial court. By citing us to the specific location of the item in the record, we can confirm the document was presented to the trial court and is properly before us." *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012). Murad's argument in opposition to summary judgment was raised below, and is properly before us. GEICO also asserts that Murad waived certain arguments by not presenting them to the circuit court. For the reasons addressed below, we hold this argument as moot.

The Jefferson Circuit Court sustained GEICO's motion for summary judgment based on its recognition that a panel of this Court previously found no enforceable policy of insurance to exist as between Murad and GEICO. When the Kentucky Supreme Court denied discretionary review, it became the law of the case.

> A final decision of [an appellate court], whether right or wrong, is the law of the case and is conclusive of the questions therein resolved. It is binding upon the parties, the trial court, and the Court of Appeals. It may not be reconsidered by prosecuting an appeal from a judgment entered in conformity therewith.

*Martin v. Frasure*, 352 S.W.2d 817, 818 (Ky. 1961) (citations omitted). The law of the case doctrine is an "iron rule, universally recognized," and holds appellate

decisions as binding on subsequent trials and appeals "*however erroneous the opinion or decision may have been.*"  *Ragland v. Estate of Digiuro*, 352 S.W.3d 908, 914 (Ky. App. 2010) (emphasis in original).

It is uncontroverted that in the companion case of *GEICO Indemnity Co. v. Murad*, *supra*, a panel of this Court determined that no enforceable policy of insurance existed as between Murad and GEICO as to coverage of the Mitsubishi Eclipse.  Murad's motion for discretionary review was denied on June 5, 2019, and the underlying action became the law of the case.  The Jefferson Circuit Court properly so found.  Having determined that no contractual relationship existed between Murad and GEICO as to the Mitsubishi Eclipse, it follows that the void policy cannot be relied upon as a basis for establishing duties between the parties.  A void policy of insurance is unenforceable.  *See State Farm Mut. Auto. Ins. Co. v. Marley*, 151 S.W.3d 33 (Ky. 2004).

Murad forwards several arguments in support of his claim that GEICO engaged in bad faith by failing to defend him in the subrogation claim.  He argues that the "duty to defend" clause in the insurance policy entitled him to a defense; that GEICO's duty to defend was not dependent on his ownership of the Mitsubishi Eclipse; that the policy language must be construed in favor of the insured; that he had a reasonable expectation of coverage; and that GEICO is estopped from denying the obligation to defend.  These arguments are premised in large part on

his claim that he had an insurable interest in a second automobile under the GEICO policy. However, and as best we can discern, Murad did not tender proof of a second, insured vehicle, and it is clear that said vehicle, if any, was not involved in the subject accident. Ultimately, we are constrained by the holding in *GEICO Indemnity Co. v. Murad*, *supra*.

## **CONCLUSION**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id*. "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to

-10-

judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

When viewing the record in a light most favorable to Murad and resolving all doubts in his favor, we conclude that GEICO was entitled to summary judgment. The purported insurance coverage of the Mitsubishi Eclipse was determined to be void. This ruling is the law of the case. Murad was not driving or occupying either the Mitsubishi Eclipse nor Said's Honda Odyssey at the time of the collision, was not otherwise a party to the accident, and had no insurable interest in either vehicle. Kentucky Revised Statutes (KRS) 304.14-060 and Kentucky case law require an insurable interest in property to support a valid insurance contract. As no valid policy of insurance existed at the time of the accident, it follows that GEICO had no duty to defend Liberty Mutual's subrogation claim. The Jefferson Circuit Court properly so found. Even so, GEICO did retain attorney Todd Page to defend Murad in Liberty Mutual's subrogation claim, and the defense was successful. For these reasons, we affirm the opinion and order of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Zachary L. Taylor
Louisville, Kentucky

BRIEF FOR APPELLEE:

Charles H. Stopher
Todd P. Greer
Louisville, Kentucky