# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D),  THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE  ACTION.

RENDERED:  FEBRUARY 16, 2023
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0030-MR

LAYW THOMAS                                                                    APPELLANT


V.

ON APPEAL FROM CHRISTIAN CIRCUIT COURT
HONORABLE JOHN L. ATKINS, JUDGE
NOS. 06-CR-00110 & 06-CR-00142


COMMONWEALTH OF KENTUCKY                                     APPELLEE


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

In *Thomas v. Commonwealth*, 605 S.W.3d 545 (Ky. 2020), we concluded the violent offender statute was inapplicable to youthful offenders for purposes of consideration of probation even if they are sentenced after reaching the age of eighteen years and five months.  Because the Christian Circuit Court had erroneously sentenced Layw Thomas, a youthful offender, to a term of imprisonment on the assumption he was ineligible for probation, we remanded this matter for resentencing.

Following a hearing on remand, the Christian Circuit Court entered an amended judgment on a plea of guilty on January 21, 2022, vacating its prior holding Thomas was ineligible for probation but denying probation "due to the risk of further crimes, the need for correctional treatment and the fact that probation would unduly depreciate the seriousness of his criminal behavior."

The trial court reimposed its previously levied sentence of life imprisonment plus fifty years. Thomas appeals as a matter of right.[1] Following a careful review, we affirm.

The historical factual and procedural background underlying this matter was set forth in detail in our prior opinion, *Thomas*, 605 S.W.3d at 548-53, and need not be fully repeated here. Thus, we will provide only a truncated version necessary for resolution of the issues presented in this appeal.

In 2006, then-seventeen-year-old Thomas committed a series of crimes culminating in his being charged in two separate juvenile petitions with robbery in the first degree, assault in the first degree, wanton endangerment in the first degree, and murder. Thomas was deemed a youthful offender and his cases were transferred to circuit court. Following plea negotiations, Thomas— then nineteen-years-old—agreed to a sentence of twenty years on the murder charge and a concurrent sentence of twelve years on the remaining charges. Both plea agreements contained "hammer clauses" permitting the Commonwealth to seek the maximum aggregate sentence allowed by law if Thomas failed to appear for sentencing. Based on the plea agreements, Thomas was released to home incarceration pending sentencing. Thomas subsequently removed his electronic ankle monitor and disappeared. Following his rearrest, Thomas was brought before the trial court who denied his pleas

---

[1] Ky. Const. § 110(2)(b).

for leniency and enforced the hammer clause provisions, imposing a sentence of life plus fifty years.

After Thomas unsuccessfully sought post-conviction relief over a seven-year period, the Court of Appeals ultimately found merit in Thomas's argument the trial court had improperly imposed the hammer clauses at sentencing as punishment for his failure to appear, rather than for the underlying crimes. Following an evidentiary hearing on remand, the trial court denied Thomas's motion to withdraw his guilty pleas, found he was ineligible for probation, and again imposed a sentence of life imprisonment plus fifty years based on the hammer clauses.

Thomas appealed and this Court again reversed the trial court upon concluding it had erroneously found Thomas to be ineligible for probation. We held Thomas's other arguments to be without merit, including two challenging application of the hammer clauses. The matter was again remanded for a new sentencing hearing at which the trial court was directed to consider probation and other forms of alternative sentencing. As stated earlier, the trial court convened a new sentencing hearing, following which it entered an amended judgment holding Thomas, although eligible, should not be probated and reimposing its previous sentence. This appeal followed.

For his sole allegation of error, Thomas contends the trial court erred in failing to consider the developmental differences of juveniles vis-à-vis adults when enforcing the hammer clauses relative to his sentence. He argues juveniles should be treated differently from adults and that hammer clauses

are particularly problematic when applied to youthful offenders. As noted by the Commonwealth, although Thomas claims this argument was preserved for appellate review, he fails to indicate where in the record such preservation can be located. Our review of the record reveals no such argument was presented to the trial court. Instead, the arguments made during Thomas's resentencing hearing were focused on leniency and mercy in seeking to be granted probation. There was no argument made in opposition to imposition of the hammer clauses. Thus, we deem this issue to be unpreserved. Though Thomas has not sought palpable error review pursuant to RCr[2] 10.26, we nevertheless deem his allegation of error to be without merit.

First, Thomas makes only a passing reference to his claim of error and offers no indication of what the trial court did—or did not—consider when issuing its judgment. Instead, Thomas generally cites authority supportive of his position that juveniles should receive different and more favorable treatment than adults, especially relative to plea agreements containing a hammer clause. However, he does not indicate how inclusion of hammer clauses in his plea agreements was inappropriate nor how the cited caselaw should apply to his situation.

> [I]t is not within the purview of the judiciary to tell prosecutors and defense counsel that a hammer clause may not be part of a plea agreement. While the courts have the authority to accept or reject a plea agreement, the making of an agreement whereby the Commonwealth binds itself to recommend a particular sentence is a power of the executive branch.

---

[2] Kentucky Rules of Criminal Procedure.

4

*Knox v. Commonwealth*, 361 S.W.3d 891, 899 (Ky. 2012) (citations omitted). Hammer clauses may properly be included in plea agreements provided the sentencing judge "accord[s] it no special deference, and . . . make[s] no commitment that compromises the court's independence or impairs the proper exercise of judicial discretion." *Id.* at 900.

Here, there is no indication the trial court failed in its duty to properly consider all of the underlying facts and circumstances before making its sentencing decision to ensure the punishment fit the crime. In fact, the trial court made explicit oral findings at the conclusion of the sentencing hearing explaining the considerations and reasoning behind its decision to deny probation and to impose the maximum sentence permitted. It cannot be reasonably asserted the trial court improperly adhered to the hammer clauses nor abandoned its judicial discretion.

Finally, and perhaps most importantly, in his prior appeal to this Court, Thomas raised multiple challenges to the hammer clauses which we concluded were wholly without merit and did not warrant discussion.[3] *Thomas*, 605 S.W.3d at 560. The law of the case doctrine prohibits Thomas from attempting to relitigate the same issues previously presented and rejected. "A final

---

[3] Specifically, Thomas argued: 1) hammer clauses are inappropriate for inclusion in plea agreements for youthful offenders; 2) hammer clauses are highly disfavored by this Court; and 3) children develop differently and should be subject to different sentencing procedures which do not include hammer clauses. He also sought a declaration by this Court that any hammer clause resulting in a maximum sentence for a youthful offender was violative of the United States and Kentucky constitutions. His arguments relied on primarily the same cases cited in this appeal.

decision of this Court, whether right or wrong, is the law of the case and is conclusive of the questions therein resolved." *Williamson v. Commonwealth*, 767 S.W.2d 323, 325 (Ky. 1989) (quoting *Martin v. Frasure*, 352 S.W.2d 817, 818 (Ky. 1961)). The law of the case doctrine is an "iron rule, universally recognized, that an opinion or decision of an appellate court in the same cause is the law of the case for a subsequent trial or appeal however erroneous the opinion or decision may have been." *Union Light, Heat & Power Co. v. Blackwell's Adm'r*, 291 S.W.2d 539, 542 (Ky. 1956). The doctrine is grounded on the principle of finality and serves to prevent "the drain on judicial resources that would result if previous decisions were routinely subject to reconsideration." *Wright v. Carroll*, 452 S.W.3d 127, 130 (Ky. 2014).

> The law of the case rule is a salutary rule, grounded on convenience, experience and reason. It has been often said that it would be intolerable if matters once litigated and determined finally could be relitigated between the same parties, for otherwise litigation would be interminable and a judgment supposed to finally settle the rights of the parties would be only a starting point for new litigation.

*Blackwell's Adm'r*, 291 S.W.2d at 542. Our prior decision expressly rejected as meritless the same assertions of error Thomas again brings before this Court. While Thomas is plainly and understandably dissatisfied and disappointed with the outcome of his resentencing, a "second bite at the apple" is patently impermissible under the law of the case doctrine. In short, Thomas has failed to show entitlement to relief.

For the foregoing reasons, the judgment of the Christian Circuit Court is affirmed.

6

All sitting.  All concur.


COUNSEL FOR APPELLANT:

Angela Slaton
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General

Kristin L. Conder
Assistant Attorney General